```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

BELAFONTE LOPEZ ROSIER,

        Petitioner,

v.                                  Case No:   2:10-cv-457-Ftm-29UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____/

**ORDER**

This case is before the Court on Petitioner Belafonte Lopez Rosier's ("Petitioner's") "Motion for a Stay or Abeyance" (Doc. 42, filed August 30, 2013). For the reasons set forth in this Order, Petitioner's motion to stay is **DENIED.**

On July 21, 2010, Petitioner Belafonte Lopez Rosier ("Petitioner") filed a petition for writ of habeas corpus (Doc. 1). More than three years later, this Court dismissed the petition with prejudice (Doc. 38, filed August 12, 2013). In the order of dismissal, portions of claims one through four were dismissed as unexhausted and procedurally barred (Doc. 17-23). Petitioner now asks the Court to stay its order of dismissal on the basis that the unexhausted portions of these claims are "currently pending state habeas review" (Doc. 42 at 1). Respondents have filed a response to Petitioner's motion in which they argue that Petitioner has neither shown good cause

for his failure to exhaust his grounds nor shown that the grounds he is pursuing in state court are potentially meritorious claims of constitutional proportion (Doc. 44).

A federal court may not grant a § 2254 habeas petition unless the petitioner first exhausted the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). Petitioner does not assert that the state court claims were pending when he instituted this action or soon thereafter.[1] Rather, Petitioner appears to ask this Court to stay this action so that he can *now* pursue in state court the grounds that this Court found to be procedurally barred in its order of dismissal.

In Rhines v. Weber, the United States Supreme Court determined that a district court has the discretion to "stay and abey" an unexhausted habeas petition. 544 U.S. 269 (2005). However, the Court explained that stay and abeyance should only be allowed in limited circumstances and is only appropriate if the court finds that there was good cause for the petitioner's failure to exhaust his claims in state court and if the petitioner's unexhausted claims are potentially meritorious. Id.

---

[1] The pleadings submitted in state court appear to consist of an unsigned "Emergency Petition for Writ of Habeas Corpus" filed on or about August 22, 2013 and an emergency petition for writ of certiorari filed on or about September 25, 2013 (Doc. 44-2 at 33-34).

at 277-78. The Court further determined that a district court should not stay a case when it would undermine § 2254's mandatory two-step process of exhausting state court remedies **before** pursuing federal habeas relief. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Petitioner fails to establish good cause to excuse his failure to exhaust his state court remedies at some point prior to the filing and final disposition of his habeas petition. In fact, Petitioner does not offer any reason for his failure to exhaust the claims in a timely manner. The Court notes that Petitioner was aware of the need to exhaust his claims no later than July 29, 2011 when the respondents argued that his habeas claims should be denied due to his failure to exhaust them (Doc. 25).

Likewise, the issues which Petitioner has recently raised in his amended petition for habeas relief in state court are centered around the State's alleged violations of Florida's "speedy trial" rules and other procedural irregularities (Doc. 44-2). As noted in this Court's order of dismissal (Doc. 38 at

3

21), a claim based upon a misapplication of Florida law is not cognizable on habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (recognizing that federal habeas corpus relief does not lie for errors of state law).

Petitioner has demonstrated neither good cause for his failure to exhaust his claims nor has he demonstrated that his unexhausted claims are potentially meritorious.  Accordingly, Plaintiff's motion to stay (Doc. 42) is **denied**.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___7th___ day of October, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


SA:  OrlP-4 10/4/13
Copies to: all parties of record